******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************

BANK OF AMERICA, N.A. *v.* ANDREW D. KYDES
(AC 39350)

Alvord, Sheldon and Bear, Js.

*Syllabus*

The plaintiff B Co. sought to foreclose a mortgage on certain real property owned by the defendant. After commencing this action, B Co. served the defendant with requests for admission, including that he admit that B Co. was the holder of the note when the action was commenced and that he had defaulted on his obligation to make payments under the note. In response, the defendant filed a motion for a protective order, asserting that the requests for admission were improper. The trial court sustained B Co.'s objection to the defendant's motion. More than six weeks after the expiration of the thirty day period within which the defendant was required to answer or object to the requests for admission pursuant to the applicable rule of practice (§ 13-23 [a]), the defendant denied the requests for admission without limitation or qualification. B Co. then filed a motion for summary judgment as to liability on the ground that the defendant, by failing to timely answer or object to its requests for admission, had admitted all matters as to which admissions had been requested, which included all facts necessary to establish both its standing to bring this action and its right to prevail against the defendant. Thereafter, B Co. assigned the subject mortgage to C Co., which was substituted as the plaintiff, and the court granted the motion for summary judgment as to liability, finding that there was no genuine issue of material fact as to B Co.'s standing or the defendant's liability on the note. Subsequently, the court granted C Co.'s motion for a judgment of strict foreclosure and rendered judgment thereon, from which the defendant appealed to this court. *Held*:

1. The defendant's claim that the trial court improperly relied on his admissions, which he claimed resulted from a "procedural default," as a basis for finding that B Co. had standing to bring this action and for rendering summary judgment was unavailing; in light of this court's decision in *JPMorgan Chase Bank, N.A.* v. *Eldon* (144 Conn. App. 260), in which this court, on facts indistinguishable from the facts of the present case, affirmed a summary judgment rendered by the trial court on the basis of admissions resulting from a party's failure to respond in timely fashion to its opponent's requests for admission, there was no merit to the defendant's claim.

2. The defendant could not prevail on his claim that the trial court erred in failing to hold an evidentiary hearing on his challenge to B Co.'s standing to bring this action; the defendant never presented any evidence that might have called B Co.'s standing into question, and because B Co. alleged that it possessed the note at the time it commenced the action and the defendant failed to raise a genuine issue of fact as to whether B Co. was the holder of the note when it commenced this action, the trial court was not required to hold an evidentiary hearing on that issue.

Argued May 23—officially released July 17, 2018

*Procedural History*

Action to foreclose a mortgage on certain of the defendant's real property, and for other relief, brought to the Superior Court in the judicial district of Stamford-Norwalk, where Christiana Trust was substituted as the plaintiff; thereafter, the court, *Heller, J.*, granted the substitute plaintiff's motion for summary judgment as to liability; subsequently, the court, *A. William Mottolese*, judge trial referee, granted the substitute plaintiff's motion for a judgment of strict foreclosure and rendered judgment thereon, from which the defendant appealed to this court. *Affirmed*.

*Hugh D. Hughes*, for the appellant (defendant).

*Jeffrey M. Knickerbocker*, for the appellee (substitute plaintiff).

*Opinion*

SHELDON, J. The defendant, Andrew D. Kydes, appeals from the judgment of strict foreclosure rendered by the trial court in favor of the substitute plaintiff, Christiana Trust, a Division of Wilmington Savings Fund Society, FSB Not in Its Individual Capacity but as Trustee of ARLP Trust 5 (Christiana Trust).[1] On appeal, the defendant claims that the trial court erred: (1) in relying upon a "procedural default" to find that the named plaintiff, Bank of America, N.A. (Bank of America), had standing to bring the instant action, and thus that the court had subject matter jurisdiction over the action; and (2) in failing to hold an evidentiary hearing on his claim that Bank of America lacked standing to bring this action. We disagree, and thus affirm the judgment of the trial court.

The following procedural history is relevant to the defendant's claims on appeal. In 2012, Bank of America commenced this action against the defendant. On March 13, 2014, the defendant filed an answer and several special defenses, including the special defense alleging that Bank of America "has made false and fictitious claims without any supporting admissible evidence," and thus that it lacked standing to bring this action.

On March 13, 2015, the defendant filed a motion to dismiss this action on the ground, inter alia, that Bank of America lacked standing to bring it. On April 29, 2015, the court denied the motion to dismiss because the defendant failed to appear on the date the motion was scheduled for argument.[2]

On May 14, 2015, Bank of America served the defendant with requests for admission pursuant to Practice Book § 13-22, in which it asked the defendant to admit, inter alia, that Bank of America was the holder of the underlying promissory note when this action was commenced and that the defendant had defaulted on his obligation to make payments to it under the note. On June 4, 2015, the defendant, without answering or objecting to the requests for admission, filed a motion for a protective order, pursuant to Practice Book § 13-5, in which he asserted that the plaintiff's requests for admission, in their entirety, were "fraudulent" and "made in bad faith . . . as a perpetuation of systematic unfair and deceptive practices." He further asserted that the "requests for admission and its content is outside of the scope of allowable discovery, and seeks an admission of facts which are known by [the] plaintiff to be false." On June 5, 2015, Bank of America filed an objection to the defendant's motion for a protective order.

On June 19, 2015, the defendant filed a corrected motion for a protective order concerning several additional discovery requests that Bank of America had directed to him. On July 17, 2015, the court sustained

Bank of America's objection to the defendant's original motion for a protective order and summarily denied his corrected motion for a protective order.

On July 29, 2015, Bank of America filed a "Notice of Intent to Rely on [the] Requests to Admit," in which it asserted that the defendant's failure to respond to its requests for admission had resulted in his admission of all matters as to which admissions had been requested pursuant to Practice Book § 13-23 (a).[3] On July 31, 2015, more than six weeks after the thirty day period within which the defendant was required to answer or object to the requests for admission pursuant to Practice Book § 13-23 (a) had expired, the defendant finally responded to such requests for admission, denying them all without limitation or qualification.

On July 31, 2015, Bank of America filed a motion for summary judgment as to liability only. Bank of America reiterated, in support of that motion, that by failing to answer or object to its requests for admission in the time required by law, the defendant had admitted all matters as to which admissions had been requested, which included all facts necessary to establish both its standing to bring this action and its right to prevail against the defendant. The defendant filed an objection to Bank of America's motion for summary judgment, claiming, inter alia, that the underlying note was fraudulent, that Bank of America had not been the holder of the note prior to the commencement of this action, and thus that it lacked standing to pursue this foreclosure action. The defendant filed no affidavits or other evidence in support of his standing challenge.

On September 8, 2015, the court held a hearing on the motion for summary judgment and the defendant's objection thereto. At the hearing, Bank of America argued that the defendant's failure to timely answer or object to its requests for admission had resulted in his admission, inter alia, that when Bank of America commenced this action, it was the holder of the underlying note, and that the defendant had defaulted on his obligation to make payments to it under the note. Bank of America, through its counsel, also presented to the court the original note. The defendant sought to have the hearing on the motion for summary judgment continued and requested an evidentiary hearing thereon. In support of that request, the defendant argued that an evidentiary hearing was necessary so that he might submit "[t]wo certified sealed depositions from entities in this case, who are admitting that they did not sign documents in other cases." When asked about his failure to timely answer or object to the plaintiff's requests for admission, the defendant argued that he had not been properly served with those requests because they had been served upon his counsel electronically. The court responded by observing that the defendant had not filed any motion asserting that the plaintiff's

requests for admission had not been properly served. Because, moreover, notwithstanding the defendant's eleventh hour claim that the requests for admission had not been properly served upon him, he had previously moved for a protective order with respect to such requests and later denied them, the court ruled that he had waived his claim of improper service. The court finally noted that the defendant had not filed any motion "asking the court to be relieved from the failure to initially file responses to the request[s] for admission, [pursuant to Practice Book § 13-24 (a)][4] and the time has passed." (Footnote added.) The court thereafter informed the parties that it would consider the motions on the papers.

On September 18, 2015, Bank of America filed a motion to substitute Christiana Trust as the party plaintiff, claiming that it had assigned the underlying mortgage to it. On October 2, 2015, the trial court summarily granted the motion to substitute.[5]

On December 30, 2015, the court issued the following order: "Having heard the plaintiff's motion for summary judgment . . . the court finds that no genuine issue of material fact exists as to . . . (i) the plaintiff's standing to prosecute this foreclosure action and (ii) the liability of the defendant . . . on the note and mortgage. Accordingly, the plaintiff's motion for summary judgment as to liability only is hereby granted with respect to the defendant. A determination of the amount of indebtedness is deferred until such time as the plaintiff seeks a judgment of foreclosure. Practice Book §§ 17-44 through 17-51." On February 4, 2016, the defendant filed a motion to reargue, which the court denied on May 13, 2016, reasoning as follows: "The defendant . . . has failed to demonstrate a controlling decision or principle of law that has been overlooked, a misapprehension of facts, inconsistencies in the court's order . . . granting the plaintiff's motion for summary judgment as to liability on its complaint against the defendant . . . or claims of law that were not addressed; rather, the defendant improperly seeks to have a 'second bite of the apple' under the guise of a motion for reconsideration."

On March 24, 2016, Christiana Trust filed a motion for judgment of strict foreclosure. An evidentiary hearing on the motion was held on June 15, 2016. At that hearing, the defendant repeatedly attempted to reargue the motion for summary judgment, but not on the ground that Christiana Trust lacked standing. Instead, the defendant argued that Christiana Trust did not have a valid lien against him. The court repeatedly reminded the defendant at the hearing that his argument was improper because it had already ruled that Bank of America had standing to pursue its foreclosure claim against him and that he was liable to Christiana Trust on the underlying note. Later that same day, the court

rendered a judgment of strict foreclosure, determined the amount of the debt and set the law day for July 19, 2016. This appeal followed.

On appeal, the defendant claims that the trial court erred in relying upon a "procedural default" as the basis for finding that Bank of America had standing to bring the instant action against him, and in failing to hold an evidentiary hearing on his challenge to Christiana Trust's standing.

"Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he [or she] has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy. . . . [When] a party is found to lack standing, the court is consequently without subject matter jurisdiction to determine the cause. . . . We have long held that because [a] determination regarding a trial court's subject matter jurisdiction is a question of law, our review is plenary. . . .

"Generally, in order to have standing to bring a foreclosure action the plaintiff must, at the time the action is commenced, be entitled to enforce the promissory note that is secured by the property. . . . The plaintiff's possession of a note endorsed in blank is prima facie evidence that it is a holder and is entitled to enforce the note, thereby conferring standing to commence a foreclosure action. . . . After the plaintiff has presented this prima facie evidence, the burden is on the defendant to impeach the validity of [the] evidence that [the plaintiff] possessed the note at the time that it commenced the . . . action or to rebut the presumption that [the plaintiff] owns the underlying debt. . . . The defendant [must] set up and prove the facts [that] limit or change the plaintiff's rights . . . ." (Citation omitted; emphasis omitted; internal quotation marks omitted.) *Deutsche Bank National Trust Co.* v. *Cornelius*, 170 Conn. App. 104, 110–11, 154 A.3d 79, cert. denied, 325 Conn. 922, 159 A.3d 1171 (2017).

"If . . . the defendant submits either no proof to rebut the plaintiff's jurisdictional allegations . . . or only evidence that fails to call those allegations into question . . . the plaintiff need not supply counteraffidavits or other evidence to support the complaint, but may rest on the jurisdictional allegations therein." (Internal quotation marks omitted.) *Rocky Hill* v. *SecureCare Realty, LLC*, 315 Conn. 265, 278, 105 A.3d 857 (2015).

Here, the defendant filed a motion for a protective order in response to Bank of America's requests for admission, arguing that they were all improper, but did not file a written answer or objection to those requests in accordance with § 13-23 (a). The defendant's failure to timely answer or object to the requests for admission

pursuant to § 13-23 (a), and his subsequent failure to ask the court for permission to withdraw or amend those admissions pursuant to § 13-24 (a), resulted in his admission of all the matters as to which admissions were requested.

The defendant claims that the court erred in relying on his admissions, which he claims to have resulted from a "procedural default," as a basis for finding that Bank of America had standing to bring this action against him. The defendant's argument must be rejected, however, on the basis of this court's decision in *JPMorgan Chase Bank, N.A.* v. *Eldon*, 144 Conn. App. 260, 265, 73 A.3d 757, cert. denied, 310 Conn. 935, 79 A.3d 889 (2013). In that case, the plaintiff bank failed to timely respond to the defendant's requests for admission in accordance with the rules of practice. This court recited the ground asserted in the defendant's motion for summary judgment, that "due to the plaintiff's failure to respond to the request[s] for admission, the relevant admissions—that the plaintiff had no legal or equitable interest in the note and mortgage and that the note had been paid in full by a third party—were deemed admitted." Id., 265. On the basis of those admissions, the trial court rendered summary judgment in favor of the defendant, and this court affirmed that judgment. The facts of *JPMorgan Chase Bank, N.A.* are indistinguishable from the facts of this case, as both cases involved the rendering of summary judgment on the basis of party admissions resulting from a party's failure to respond in timely fashion to its opponent's requests for admission. We therefore conclude that the defendant's claim that the court improperly relied on such admissions as a basis for rendering summary judgment in this case is without merit.

As for the defendant's claim that the trial court erred in failing to hold an evidentiary hearing on his oft-repeated challenge to Bank of America's standing to bring this action, that claim must be rejected for the simple reason that the defendant never presented any evidence that might have called Bank of America's standing into question. Because Bank of America duly alleged that it possessed the note at the time it commenced this action, it was entitled to rely upon that allegation unless the defendant presented facts to the contrary, which he did not. Because the defendant failed to raise a genuine issue of fact as to whether Bank of America was the holder of the note when it commenced this action, the trial court was not required to hold an evidentiary hearing on that issue. See *Equity One, Inc.* v. *Shivers*, 310 Conn. 119, 136, 74 A.3d 1225 (2013).

The judgment is affirmed and the case is remanded for the purpose of setting new law days.

In this opinion the other judges concurred.

[1] On June 15, 2015, the named plaintiff, Bank of America, N.A., assigned the subject note and mortgage to Christiana Trust. Consequently, on October

2, 2015, Christiana Trust was substituted as the plaintiff in place of the named plaintiff.

[2] The record indicates that the defendant filed two additional motions to dismiss on the ground that the court lacked subject matter jurisdiction, but it does not appear that the defendant ever pursued those motions.

[3] Practice Book § 13-23 (a) provides: "Each matter of which an admission is requested is admitted unless, within thirty days after the filing of the notice required by Section 13-22 (b), or within such shorter or longer time as the judicial authority may allow, the party to whom the request is directed files and serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney. Any such answer or objection shall be inserted directly on the original request. In the event that an answer or objection requires more space than that provided on a request for admission that was not served electronically and in a format that allows the recipient to electronically insert the answers in the transmitted document, it shall be continued on a separate sheet of paper which shall be attached to the response. Documents sought to be admitted by the request shall be filed with the response by the responding party only if they are the subject of an answer or objection. If objection is made, the reasons therefor shall be stated. The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify his or her answer or deny only a part of the matter of which an admission is requested, such party shall specify so much of it as is true and qualify or deny the remainder. An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless such party states that he or she has made reasonable inquiry and that the information known or readily obtainable by him or her is insufficient to enable an admission or denial. A party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not, on that ground alone, object to the request; the party may deny the matter or set forth reasons why he or she cannot admit or deny it. The responding party shall attach a cover sheet to the response which shall comply with Sections 4-1 and 4-2 and shall specify those requests to which answers and objections are addressed."

[4] Practice Book § 13-24 provides: "(a) Any matter admitted under this section is conclusively established unless the judicial authority on motion permits withdrawal or amendment of the admission. The judicial authority may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the judicial authority that withdrawal or amendment will prejudice such party in maintaining his or her action or defense on the merits. Any admission made by a party under this section is for the purpose of the pending action only and is not an admission by him or her for any other purpose nor may it be used against him or her in any other proceeding."

"(b) The admission of any matter under this section shall not be deemed to waive any objections to its competency or relevancy. An admission of the existence and due execution of a document, unless otherwise expressed, shall be deemed to include an admission of its delivery, and that it has not since been altered."

[5] On October 5, 2015, the defendant filed an objection to Bank of America's motion to substitute party plaintiff, wherein he reiterated his argument that Bank of America was not the holder of the note and thus that it lacked standing to assign it to "any other person." The record does not indicate that the defendant's objection was considered by the court.