******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# CHI HUM ET AL. *v.* MARK S. SILVESTER ET AL.
## (AC 39977)

Lavine, Alvord and Beach, Js.

*Syllabus*

The plaintiffs sought to enjoin the defendants, owners of real property abutting the plaintiffs' real property, from using a driveway that is located on the plaintiffs' property and that is the only means of access to both properties from a nearby road. The plaintiffs purchased their property in 2004. The defendants purchased their property in 2013 from the previous owner, D, who had built a house on that property in 1986 and acquired a certificated of occupancy in 1987. Shortly after the defendants acquired their property from D, the plaintiff asked them to stop using the driveway and subsequently commenced this action. The trial court rendered judgment for the defendants, concluding that they established that they had acquired both a prescriptive easement and an implied easement over the driveway. Thereafter, the plaintiffs appealed to this court, claiming, inter alia, that the trial court incorrectly determined that the defendants were entitled to a prescriptive easement. *Held* that the trial court correctly determined on the basis of the evidence that the defendants had a prescriptive easement over the driveway, as there was ample evidence to support the court's finding that the defendants' and D's use of the driveway was open, visible, and continuous for more than fifteen years under a claim of right; the documentary and testimonial evidence established that D built a house on what is now the defendants' property in 1986 and owned the property until it was conveyed to the defendants in 2013, that the plaintiffs were aware in 2004 that D resided there, that the driveway was the only means of egress and ingress to the property, and that D used that driveway to access the property, and, because D was the defendants' predecessor in title, the defendants could utilize the doctrine of tacking to supplement their use of the driveway with that of D's use in order to satisfy the statutory period required for a prescriptive easement.

Argued April 19—officially released July 17, 2018

*Procedural History*

Action for a judgment determining the rights of the parties as to a claimed right-of-way on certain of the plaintiffs' real property, and for other relief, brought to the Superior Court in the judicial district of New London and tried to the court, *Hon. Robert C. Leuba*, judge trial referee; judgment for the defendants, from which the plaintiffs appealed to this court. *Affirmed.*

*Lloyd L. Langhammer*, with whom, on the brief, was *Shruthi Reddy*, for the appellants (plaintiffs).

*F. Jerome O'Malley*, for the appellees (defendants).

*Opinion*

LAVINE, J. This appeal centers on an easement for shared use of a driveway over a lot of land in Stonington providing access to an adjacent lot. The plaintiffs, Chi Hum and Mai Lee Yue Hum, owners of the burdened lot, appeal from the judgment of the trial court, rendered after a trial to the court, in favor of the defendants, Mark S. Silvester and Nancy J. Hoerrner. On appeal, the plaintiffs claim that the trial court improperly found on the basis of the evidence that (1) the defendants were entitled to a prescriptive easement over the driveway, (2) the defendants were entitled to an implied easement over the driveway, and (3) granting an implied easement was legally consistent with the grant of a prescriptive easement. We affirm the judgment of the trial court.[1]

The court found the following uncontested facts. The plaintiffs acquired their lot, 62 Wilbur Road, in 2004. The defendants purchased the adjacent lot, 60 Wilbur Road, in 2013. The defendants' lot contains a house that was constructed in approximately 1986 by the previous owner. Both the plaintiffs' lot and the defendants' lot were once part of a larger parcel of land that was subdivided. Each lot is shaped like a "flag lot," which means that it is connected to Wilbur Road through contiguous strips of land. The sole means of accessing the parties' lots is the driveway located on the plaintiffs' strip of land, which both parties used. Although the defendants have a strip of land connecting their lot to Wilbur Road, it is inclined, laden with trees and boulders, and never was developed or cleared for use.

Not long after the defendants acquired their property, the plaintiffs asked them to stop using the driveway. The plaintiffs commenced the present action on August 19, 2015, seeking an injunction prohibiting the defendants from using the driveway and seeking damages for claimed harm to vegetation on their property. The court found that the defendants established that they had acquired both a prescriptive easement and an implied easement over the driveway.

Regarding the prescriptive easement, the court found that "the defendants and their predecessors in title have used the gravel driveway to access their lot since the property was developed in 1986. It is reasonable and logical to infer that since there has been no other usable access to the defendants' lot, the owner of that lot used the gravel driveway in a manner which was open, visible, continuous and uninterrupted for more than [fifteen] years and made under a claim of right."

The plaintiffs claim that the court improperly found that the defendants were entitled to a prescriptive easement. Specifically, the plaintiffs argue that there was insufficient evidence of prior use of the driveway by the defendants' predecessor in title to establish open,

visible, continuous and uninterrupted use for the court to utilize the doctrine of tacking.[2] According to the plaintiffs, it was not proven that the defendants' predecessor in title resided on the property, how the predecessor used the driveway, and how the predecessor accessed the property during the construction. We are unpersuaded.

"[General Statutes §] 47-37 provides for the acquisition of an easement by adverse use, or prescription. That section provides: No person may acquire a right-of-way or any other easement from, in, upon or over the land of another, by the adverse use or enjoyment thereof, unless the use has been continued uninterrupted for fifteen years. . . . [A] party claiming to have acquired an easement by prescription must demonstrate that the use [of the property] has been open, visible, continuous and uninterrupted for fifteen years and made under a claim of right. . . . The purpose of the open and visible requirement is to give the owner of the servient land knowledge and full opportunity to assert his own rights. . . . To satisfy this requirement, the adverse use must be made in such a way that a reasonably diligent owner would learn of its existence, nature, and extent. . . . An openly visible and apparent use satisfies the requirement even if the neighbors have no actual knowledge of it. A use that is not open but is so widely known in the community that the owner should be aware of it also satisfies the requirement." (Citations omitted; internal quotation marks omitted.) *Slack* v. *Greene*, 294 Conn. 418, 427, 984 A.2d 734 (2009).

It is well established that "[u]nder Connecticut law, a party claiming a prescriptive easement may tack on the statutory period of predecessors in interest when there is privity of estate." *Murphy* v. *EAPWJP, LLC*, 306 Conn. 391, 393 n.4, 50 A.3d 316 (2012). Parties can therefore support their claim of a prescriptive easement, and meet the fifteen year requirement, through use of the driveway by their predecessor in title that was open, visible, and continuous under a claim of right.[3] See id.; see also *Caminis* v. *Troy*, 300 Conn. 297, 310 n.14, 12 A.3d 984 (2011).

"Whether a right of way by prescription has been acquired presents primarily a question of fact for the trier after the nature and character of the use and the surrounding circumstances have been considered. . . . When the factual basis of a trial court's decision [regarding the existence of a prescriptive easement] is challenged, our function is to determine whether, in light of the pleadings and evidence in the whole record, these findings of fact are clearly erroneous. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. . . . In making

this determination, every reasonable presumption must be given in favor of the trial court's ruling." (Citation omitted; internal quotation marks omitted.) *Slack* v. *Greene*, supra, 294 Conn. 426–27.

"[A] finding is not clearly erroneous merely because it relies on circumstantial evidence. . . . [T]riers of fact must often rely on circumstantial evidence and draw inferences from it. . . . Proof of a material fact by inference need not be so conclusive as to exclude every other hypothesis. It is sufficient if the evidence produces in the mind of the trier a reasonable belief in the probability of the existence of the material fact. . . . In short, the court, as fact finder, may draw whatever inferences from the evidence or facts established by the evidence it deems to be reasonable and logical." (Citation omitted; internal quotation marks omitted.) *Lyme Land Conservation Trust, Inc.* v. *Platner*, 325 Conn. 737, 755–56, 159 A.3d 666 (2017).

On the basis of our review of the record, we conclude that there is ample evidence to support the court's finding that the defendants and their predecessor used the driveway in a manner that was open, visible, and continuous for more than fifteen years under a claim of right. Documentary and testimonial evidence shows that the defendants' predecessor in title acquired the lot in 1985, obtained a building permit in 1986, built a house on the lot, and acquired a certificate of occupancy in 1987. It is undisputed that the predecessor in title owned the lot until 2013, when the defendants purchased the property. Chi Hum testified that the plaintiffs were aware, in 2004, that the defendants' predecessor in title resided in the house on the adjacent lot, that the driveway was the only means of egress and ingress to the lot, and that the driveway was being used to access it.[4] It was, therefore, reasonable for the court, in its fact finding role, to draw the inference that the defendants' predecessor in title made open, visible, and continuous use of the driveway—the only means of ingress and egress to the lot during the construction and subsequent use of the house—up until the defendants purchased the lot, a time period exceeding fifteen years. We conclude, therefore, that the court's finding that the use of the driveway by the defendants' predecessor in title was open, visible, and continuous for more than fifteen years under a claim of right was not clearly erroneous. Thus, the court properly found on the basis of the evidence that the defendants had a prescriptive easement.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] Because we conclude that the court properly found that the defendants were entitled to a prescriptive easement over the driveway, we need not address the plaintiffs' remaining claims.

[2] The doctrine of tacking allows a party to supplement its use of land with the use of a predecessor in interest in order to meet a statutory period, as long as there is privity of estate. See, e.g., *Murphy* v. *EAPWJP, LLC*, 306 Conn. 391, 393 n.4, 50 A.3d 316 (2012). As the defendants acquired the

property in 2013, the establishment of a prescriptive easement relied on the tacking of the use by the defendants' immediate predecessor in title.

[3] On appeal, the plaintiffs do not challenge the trial court's finding regarding the defendants' and their predecessor's use "under a claim of right."

[4] The defendants' attorney cross-examined Chi Hum as follows:

"Q. Were you aware that Mr. Dokladal [the defendants' predecessor in title] was your neighbor residing at 60 Wilbur Road when you moved in in 2004?

"A. Yes.

"Q. Okay. Now you never objected to Mr. Dokladal's use of the gravel driveway, correct?

"A. Correct.

"Q. And you never claimed that he was trespassing on your property by using the driveway.

"A. Correct.

\* \* \*

"Q. Mr. Hum, was the only way Mr. Dokladal could drive to and from his house at 60 Wilbur Road via the gravel driveway that's in dispute here today?

"A. As far as I know, yes."

_____